[Civ. No. 4292. First Appellate District, Division Two.—October 2, 1922.]

## In the Matter of the Estate and Guardianship of ELIZA COOK, Incompetent.

[1] INCOMPETENT PERSONS — RESTORATION TO CAPACITY — FINDING — EVIDENCE.—In this proceeding to restore an individual to competency, the evidence, consisting of the testimony of medical witnesses and others who had had business dealings with the petitioner for many years past, was sufficient to support the finding of the trial court that she was of sound mind and capable of taking care of herself and of her property and that ·she was not likely to be deceived or imposed upon by artful or designing persons.

[2] ID.—COMPETENCY OF WITNESSES—DISCRETION—APPEAL.—In such a proceeding, the question of the competency of the witnesses to testify is within the discretion of the trial court, and the appellate court will not disturb the ruling of the trial court in the absence of an abuse of discretion.

APPEAL from a judgment of the Superior Court of Sonoma County. R. L. Thompson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gale & Gale and W. F. Cowan for Appellants.

F. A. Meyer for Respondent.

NOURSE, J.—This is an appeal from an order of the trial court restoring to competency the respondent Eliza Cook, who had been adjudged an incompetent by order of the superior court on October 25, 1917. The trial court found, after a full and fair hearing, that the respondent was of sound mind and capable of taking care of herself and of her property and that she was not likely to be deceived or imposed upon by artful or designing persons.

Appellants, who are sons of the respondent, attack the order upon the ground that the evidence is insufficient to support this finding and upon the further ground that the witnesses called by respondent to testify as to her competency were not intimate acquaintances of the respondent having sufficient knowledge of her business ability and af-

fairs to qualify them as witnesses upon the subject matter of respondent's competency.

[1] As to the first point, respondent presented a mass of evidence of medical witnesses and others who had had business dealings with her for many years past, and the weight of all this testimony was to the effect that the respondent was of sound mind, able and competent to take care of herself and of her property, and not likely to be deceived or imposed upon by artful or designing persons. The evidence is without conflict and clearly supports the finding.

[2] The second point urged by appellants is, in effect, that the witnesses called by respondent did not show sufficient intimacy ·with respondent's ability to transact her business or manage her property to qualify them as witnesses upon the subject of her competency. Appellants concede, as of course they must, that the question of the competency of the witnesses to testify is within the discretion of the trial court and that the appellate court will not disturb the ruling of the trial court in the absence of an abuse of such discretion. In the case presented it would have been an abuse of discretion on the part of the trial court if it had refused to let these witnesses testify. There is no merit in the appeal.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.